TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00678-CV







In re Wanda F. Look, as Trustee of the Dwight Look Revocable Trust and as

Independent Executor of the Estate of Dwight Look, Deceased





ORIGINAL PROCEEDING FROM TRAVIS COUNTY






O R D E R




 Relator Wanda F. Look filed a petition for writ of mandamus challenging the Travis
County Probate Court Number 1's order transferring Nueces County cause number 05-6104-3, In
re: The Dwight Look Revocable Trust, to Travis County. Judge Herman ordered that transfer
pursuant to the Probate Code, based on the filing in Travis County of cause number 82,252,
Guardianship of Robert Look Jameson, a Minor. See Tex. Prob. Code Ann. § 608 (West Supp.
2005). Relator Wanda Look also filed a motion for temporary relief, asking that the transfer and any
further proceedings in Travis County be stayed. Simply granting that temporary relief, however,
would have left relator free to continue the litigation in Nueces County, thus giving relator
substantially all of the relief sought through the petition for writ of mandamus.

 The Court notes that the parties first secured "competing" temporary restraining
orders. (1) The Travis County Probate Court has signed a temporary injunction that, among other
matters, prohibits relator from taking further action in Nueces County. The Nueces County Court
has a hearing set on a temporary injunction November 16, 2005. This Court has decided to grant the
request for oral argument on the petition for writ of mandamus because it believes that argument will
materially assist this Court. In order to allow the Court time to schedule the argument and decide
the petition for writ of mandamus, this Court has determined that the equitable remedy is to suspend
all further proceedings in Travis County, conditioned upon relator Wanda Look suspending all
further proceedings in Nueces County. (2) The temporary injunction order of November 8, 2005, is
also suspended. Wanda Look may file a notice of appeal from that temporary injunction in order to
protect future rights. See Tex. R. App. P. 52.10(b) (court may grant any just relief pending court's
action on petition).

 The parties will be notified by separate letter of the date of the oral argument. The
parties are requested to tender an original and six copies of the petition for writ of mandamus,
responses, and other filings. The parties are requested to tender additional copies of previously filed
documents to reach this number, except that no additional copies of the mandamus record have to
be tendered. Responses to the motion for temporary relief have been received. Although those
responses addressed the merits of the petition for writ of mandamus to a significant degree, real
parties in interest are free to file additional responses addressed specifically to the petition.


 It is ordered November 10, 2005.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

1. The Nueces County temporary restraining order's effectiveness was conditioned on the posting
of a bond. The bond was not posted before the Travis County hearing on the temporary injunction.
2. It appears from the transfer order that the parties are actually litigating three causes: Number
05-61045-3, In re: The Dwight Look Revocable Trust (Nueces County); 83,252, Guardianship of
Robert Look Jameson, a Minor (Travis County); and a third case, Estate of Dwight Look, Deceased,
about whose transfer the Probate Court reserved judgment. The intent of this order is to stay all
proceedings related to these causes.